**Anil KUMAR, aka Mandeep Singh, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–75291.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed Aug. 3, 2009.

Hardeep Singh Rai, Indus Law Group LLP, San Francisco, CA, for Petitioner.

John J.W. Inkeles, Esquire, Trial, Susan Houser, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM [**]

Anil Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Martinez v. Holder*, 557 F.3d 1059, 1060 (9th Cir.2009). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Kumar testified that he lied at his asylum interview regarding whether he was persecuted in India, *see id.* at 1061–65, and a reasonable factfinder would not be compelled to accept Kumar's explanation for lying, *see Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999). The agency therefore properly denied Kumar's applications for asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Kumar's CAT claim is based on the same testimony the agency found not credible, and he points to no other evidence the agency should have considered, he has failed to establish eligibility for CAT relief. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

